IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY PEAY,

    Petitioner,                    No. CIV S 03-0108 DFL PAN P

  vs.

A. A. LAMARQUE, Warden,

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent answered.

        Petitioner challenges his 2000 conviction of forcible rape and failure to appear pursuant to pleas of no contest, the sentence for which was enhanced based on petitioner's admission that he previously had been convicted of a serious felony, and his conviction of burglary with great bodily injury after a bench trial. Cal. Pen. Code §§ 261(a)(2), 1320.5, 459, 667(a), (d), (e), 12022.7, 12022.7(a). The court sentenced petitioner to 37 years and 4 months.

        Petitioner claims his rights were violated by violation of the Extradition Treaty between Canada and the United States of America.

/////

/////

1

FACTS[1]

The victim, K.F., lived in an apartment complex in Chico. One evening in July 1994, she walked to her mailbox and noticed [petitioner] sitting on a bicycle watching her. After K.F. retrieved her mail, [petitioner] asked her if she knew a particular resident or where apartment 147 was located. K.F. replied that she did not, and continued home.

Five minutes later, [petitioner] knocked on K.F.'s door and asked to use her telephone. K.F. let [petitioner] in and showed him the phone, but it was not working. [Petitioner] then asked K.F. if she wanted to go to a party. K.F. said she did not and told [petitioner] to leave. [Petitioner] reached back, locked the front door and said he "wanted to fuck" K.F. Defendant raped and viciously beat K.F.

A complaint charged [petitioner] with burglary and rape, and alleged a prior felony conviction. [Petitioner] entered pleas of not guilty and posed bail. He did not appear at the preliminary hearing, and a bench warrant issued for his arrest. [Petitioner] was also charged in a second complaint with failure to appear while on bail.

Authorities subsequently located [petitioner] in Canada and sought his extradition. The deputy district attorney filed an affidavit outlining the charges [petitioner] faced. He explained that, given [petitioner]'s prior conviction, the maximum punishment for burglary was 12 years and the maximum punishment for rape was 16 years. He also noted the court could impose a consecutive three-year sentence for the great bodily injury enhancement. A conviction for willful failure to appear could result in an additional six-year term. The prosecutor attached copies of relevant statutes. Although the prosecutor had outlined a potentially lengthier sentence, he concluded his affidavit by stating: "When totaled, [petitioner]'s maximum sentence upon conviction on Count I and Count II of [the original complaint], and all sentence enhancements, and Count I of the [second complaint], and all sentence enhancements, is approximately 24 years."

Canadian authorities issued a warrant of committal in May 1995 and placed [petitioner] in custody.[2] [Petitioner's] Canadian counsel, Paul Slansky, filed preliminary submissions with the Canadian Minister of Justice (the Minister) asking that conditions be imposed on any surrender of [petitioner]. Slansky raised several issues. As relevant to this appeal, he stated that California law subjected [petitioner] to a possible maximum sentence of 46 years 4 months, and he noted that some press accounts had referred to a possible sentence of 59 years. He urged that such a lengthy sentence violated principles of justice under Canadian law, and suggested conditions be placed on [petitioner]'s extradition to limit any sentence that might be imposed.

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Peay, No. CO 33976, a copy of which is attached as Exhibit B to Respondent's Answer, filed April 7, 2004 (hereafter "slip op.").

[2] [Petitioner] appealed the commitment order insofar as it related to the charge of failing to appear. As noted below, the Canadian appellate court dismissed that appeal on June 24, 1996.

In October 1995, the Minister rejected this proposal, stating:

> You take issue with the sentence your client could receive if found guilty in the State of California. If convicted, [petitioner] faces a sentence in the range of 14, 20, 24 years for the rape. The United States prosecutor is of the view that the court would not sentence [petitioner] for the burglary charge. However, if [petitioner] were to be sentenced for burglary he would face an overall sentencing range of 21, 31 or 39 years.
>
> You submit that the penalty is far in excess of what [petitioner] would receive if convicted in Canada on these offences and that to surrender [petitioner] unconditionally in the circumstances of this case would violate . . . principles of fundamental justice . . . .
>
> The evidence submitted by the United States demonstrates that the offences which [petitioner] is charged with are very serious, involving the rape and beating of the victim in the sanctity of her own home after [petitioner] used deceit to gain entry.
>
> The issue is, as set out by the Supreme Court of Canada . . . whether the surrender of [petitioner] to face the potential penalty in the circumstances of th is case is simply unacceptable to right-thinking Canadians.
>
> In this case, although the sentence which [petitioner] could face if he is found guilty is lengthy and there is no possibility for parole until he has served 85% of his sentence, it can not be said, in my opinion, that the sentence is unfair or that to surrender [petitioner] unconditionally would shock the conscience of right[-]thinking Canadians.
>
> In Canada, such offences command substantial jail sentences as those who commit these offences are a threat to public safety. The American sentencing provisions are neither arbitrary nor unfair; they take into account mitigating factors and general sentencing principles.

The Minister concluded there was no reason to impose conditions on [petitioner]'s surrender and therefore signed warrants ordering [petitioner] surrendered to the United States unconditionally.

In January 1996, Slansky filed a lengthy opinion letter with the Ontario Legal Plan seeking authorization for a review of the Minister's decision. He again argued that a sentence in the range of 46 to 60 years seemed likely, and was contrary to Canadian principles of justice. Slansky's request to participate in the review process was denied, apparently in the belief that the submitted materials were sufficient to permit [petitioner] to argue review without legal representation.

3

[Petitioner] argued his review but was unsuccessful.  The Ontario Court of Appeal dismissed [petitioner]'s appeal on June 24, 1996.

On June 26, 1996, the Canadian Department of Justice in Ottawa wrote to [petitioner] to notify him of his impending surrender to the United States.  The letter noted:

> Section 28 of the *Extradition Act* provides that surrender must proceed within 45 days of the decision of the Ontario Court of Appeal.
>
> The only limitation to this is found in Section 23 of the *Extradition Act* which provides: [¶] "A fugitive shall not be surrendered [¶] "(b) where an appeal or judicial review of an matter arising under the Act, or any appeal therefrom, is pending, until after the date of the final decision of the court.
>
> Please be advised that your surrender will proceed within the 45 days set by paragraph 28(b)(ii) of the *Extradition Act*, unless an application for leave to appeal to the Supreme Court of Canada has been filed and remains pending with the court.  Such application should be filed and pursued promptly.
>
> You will not be surrendered before 30 days from the decision of the Ontario Court of Appeal ending on July 24, 1996.  However, your surrender will proceed shortly after July 24, 1996 if no motion for leave to appeal has been filed with the Supreme Court of Canada by then.  If you have any questions with regards to the above information you should contact a lawyer.  (Original italics.)

A few days later, on July 3, 1996, Slansky wrote to the Department of Justice in Toronto, noting he had just learned that [petitioner]'s appeal and application for judicial review had been dismissed.  He stated that [petitioner] intended to seek review in the Supreme Court of Canada, and he would be filing a "Notice of Application for Leave" to appeal "within the first two weeks of July."  Slansky's letter continued: "Please do not take any steps to have [petitioner] removed until this process is complete.  Section 23 of the <u>Act</u> will stay the order until the appeal to the S.C.C. is complete. [¶] An application for legal aid will be made.  This process <u>may</u> be delayed because it will be processed in the summer."  (Original emphasis.)

On July 24, 1996, the Ottawa office of the Department of Justice faxed a letter to Slansky stating it had just been made aware of Slansky's July 3 letter to the Toronto office and had "never before received copy of that letter."  The Ottawa office attached a copy of the letter it had previously sent to [petitioner], and concluded: "We intend to act in accordance with the terms of this June 26th letter unless a Motion for Leave to Appeal has been filed with the Supreme Court of Canada prior to [petitioner]'s surrender."

[Petitioner] was in fact surrendered to the United States authorities before Slansky filed any such notice.

4

When proceedings resumed in Butte County, [petitioner] entered pleas of no contest to the charges of rape and failing to appear while on bail, and admitted the charged enhancements. He proceeded to a court trial on the one remaining burglary count.

[Petitioner] filed a notice to dismiss this charge, asserting consecutive punishment "would violate the specialty doctrine of the Federal Extradition Law." Essentially, [petitioner] argued that his extradition was predicated on the prosecutor's representation that the maximum sentence imposed would be 24 years, and punishment was limited accordingly. Since [petitioner] already faced a possible sentence of 25 years 4 months on the offenses to which he had pleaded no contest, the burglary charge should be dismissed.

At oral argument, [petitioner] urged that the prosecutor was bound by earlier representations that the maximum sentence would be 24 years. He asserted that due process guarantees also prohibited the imposition of a sentence longer than that specified in the extradition request. Although arguing for dismissal, [petitioner] also suggested that a concurrent term could be imposed for the burglary count.

The prosecutor responded that this was not a case in which [petitioner] had waived extradition based on a representation that he would receive a particular sentence. The prosecutor also noted that the Canadian Minister of Justice had in fact considered that a sentence of up to 39 years was possible.

The trial court agreed with the prosecutor's analysis and denied [petitioner]'s motion.

At trial, the victim described [petitioner]'s entry into her apartment and the rape that followed. [Petitioner] testified he did not form the intent to rape the victim until after he was inside the apartment and "lost it."

The trial court found [petitioner] guilty, and imposed an aggregate prison sentence on all counts totaling 37 years 4 months.

## ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

When a petitioner "challenges the state court's findings based entirely on the state record," a federal court must first determine whether the adjudication resulted in a decision based on an unreasonable determination of the facts. Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004). A state court's determination is unreasonable if the court failed to make a factual finding when it should have, the state court's factual finding is made under an incorrect legal standard or when the fact-finding process is defective. Taylor, 366 F.3d 992. If a federal court finds the state court's determination is reasonable, the court must presume it is correct, although the determination may be rebutted by clear and convincing evidence. Id. at 999; 28 U.S.C. § 2254(e)(1).

The court looks to the last reasoned state court decision as the basis for the state

court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

Petitioner challenges the state court's factual determination underlying the finding that his extradition did not violate the treaty between the United States and Canada. Petitioner claims the Canadian government surrendered him on the condition he not be sentenced to more than 24 years and so his sentence of 37 years and 4 months violates the extradition treaty.[3]

The appellate court denied relief finding:

> Although the prosecutor's affidavit submitted in conjunction with the request for extradition concluded that the maximum sentence is "approximately 24 years," the affidavit also stated that, given defendant's prior conviction, the maximum punishment for rape was 16 years, the maximum punishment for burglary was 12 years, and the maximum for failure to appear was six years. The request also noted that the great bodily injury allegation carried a potential consecutive three-year term, and noted the five-year enhancements that might be applicable under section 667, subdivision (a) and 667.6, subd. (a).
>
> In seeking a conditional surrender, defendant's attorney noted that California law subjected defendant to a possible sentence of 46 years 4 months. He also reported that some news paper accounts had calculated a sentence as long ast 59 years.
>
> The Minister specifically addressed the possible sentencing range, by noting that, although the American prosecutor had opined the court would not sentence defendant on the burglary charge, defendant faced a potential sentence of 21 to 39 years if sentence were imposed on all counts. The Minister concluded that such a lengthy sentence was not unfair and would not shock the conscience of Canadians.

The court determined that petitioner's extradition was unconditional and so petitioner's claim lacked factual support.

---

[3] Insofar as petitioner claims that his pleas of no contest to the charges of rape and failure to appear were involuntary because he did not understand he could be sentenced to more than 25 years and 4 months, he did not present that claim to the California Supreme Court and so he did not exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

7

Article 12 of the Extradition Treaty Between Canada and the United States of America provides, in relevant part:

> (1) A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted nor be extradited by that State to a third State unless:
>
> * * *
>
> (iii) The requested State has consented to his detention, trial, punishment for an offense other than that for which extradition was granted or to his extradition to a third State, provided such other offense is covered by Article 2.

The United States sought extradition on the charges of first-degree residential burglary inflicting great bodily injury, forcible rape inflicting great bodily injury and failure to appear, and the extradition judge ordered petitioner detained on these charges. The Office of the Minister of Justice and Attorney General of Canada informed petitioner's Canadian counsel:

> I have found that the unconditional surrender of Mr. Peay to the United States would not be improper. I have, therefore, ordered the surrender of your client to the United States on the charges for which the extradition judge ordered his committal and for which his extradition is requested.

Canada unconditionally surrendered petitioner to the United States on the charges for which extradition was sought.

Petitioner makes no showing the process in the state court was inadequate. Accordingly, its finding is not an unreasonable determination of the facts in light of the evidence. The determination therefore is entitled to a presumption of correctness which petitioner has failed to rebut. Petitioner's claim fails.

Petitioner claims his sentences for rape and for burglary violate the extradition treaty because he was denied the right to seek review in the Canada Supreme Court before Canada surrendered him to California and because the extradition request did not state petitioner's sentence could be enhanced pursuant to Cal. Pen. Code 667.6.

Respondent contends petitioner's default of California's contemporaneous

1  objection rule bars this court from reaching the merits of these claims.

2  Where a prisoner has defaulted his federal claims in state court pursuant to an "independent and adequate state procedural rule," federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 729 (1991). A state ground is adequate and independent if the last state court to which the petitioner presented the claim actually relied on a state rule that was sufficient to justify the decision. Valerio v. Crawford, 306 F.3d 742, 773 (9th Cir. 2002) (en banc), *cert. denied*, 538 U.S. 994 (2003). When a state court explicitly relies on a default of the contemporaneous objection rule, it is an independent and adequate state ground that bars federal review of a claim. Jackson v. Giurbino, 364 F.3d 1002 (9th Cir. 2004).

The appellate court did not reach the merits of these claims because petitioner did not raise the issue in the trial court.

Accordingly, petitioner's default of the rule bars this court from reaching the merits of this claim.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

/////

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2006.

_____<br>UNITED STATES MAGISTRATE JUDGE

\004
\peay0108.157